FILED
SCRANTON

JUL 21 2011

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PEDRO RAMOS-LARA, :
                Petitioner :    Civil No. 3:11-CV-782

v. :    (Judge Kosik)

THOMAS R. DECKER, et al., :
                Respondents. :

## ORDER

AND NOW, THIS 21st day of July, 2011, IT APPEARING TO THE COURT THAT:

(1) Petitioner, Pedro Ramos-Lara, a native and citizen of Mexico, and a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), at the York County Prison ("YCP"), York, Pennsylvania, filed, through counsel, an 8-page single spaced, typed Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, on March 22, 2011. (Doc. 1).[1]

(2) In the Petition, Petitioner alleges that his ongoing detention by ICE at YCP since March 16, 2011,[2] without a custody hearing, violates his constitutional rights, and he seeks the Court to order ICE to conduct a custody hearing showing that his continued detention is justified. (Doc. 1).

(3) The case was assigned to Magistrate Judge Thomas M. Blewitt.

(4) The Magistrate Judge directed that an Order to Show Cause be served on the Respondents, to include YCP Warden Mary Sabol, Eric Holder, U.S. Attorney General,

---

[1] The Petition was originally filed in the United States District Court for the Eastern District of Pennsylvania. See Ramos-Lara v. Decker, et al., 11-CV-1995 (E.D. Pa. 2011). A Motion to Transfer Venue was filed by Respondents on April 13, 2011. (Doc. 4). Petitioner filed a Response to the Motion on April 14, 2011. (Doc. 5). The Motion was granted, and the case was transferred to the Middle District of Pennsylvania on April 21, 2011. (Docs. 6, 7).

[2] "On March 16, 2011, ICE took Petitioner into custody at YCP and served Petitioner with a Notice of Intent to Issue a Final Administrative Removal Order ("FARO"), pursuant to 8 U.S.C. §1228(b), charging him with being subject to removal, under INA §237(a)(2)(A)(iii), for being convicted of an aggravated felony. Respondents state that '[t]hough [Petitioner] indicated he wanted to contest removal, he did not submit any rebuttal evidence, and on April 29, 2011, ICE issued a final administrative removal order.'" (Doc. 18 at 4-5).

Thomas Decker, BICE District Director, John P. Torres, Acting Assistant Secretary of BICE, and Janet Napolitano, Secretary of DHS. (Doc. 8).

(5) Respondents filed a Response to the Petition for Writ of Habeas Corpus on May 16, 2011. (Doc. 15).

(6) The Magistrate Judge issued a Report and Recommendation on June 7, 2011 recommending that Petitioner's Petition be denied. (Doc. 18).

(7) Pursuant to Local Rule 72.3, Petitioner was given fourteen (14) days, after being served with a copy of the Report and Recommendation, to make any objections to the Magistrate Judge's proposed findings, recommendations, or report. Petitioner failed to file objections.

AND IT FURTHER APPEARING THAT:

(8) If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a de novo review of his claim. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. See Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

(9) Petitioner claims that his continued detention by ICE since March 16, 2011 without a bond hearing is unconstitutional, and that he is entitled to a hearing in which the government would be required to show that Petitioner's continued detention is justified.

(10) Petitioner's Petition challenges his pre-final removal order detention under 8 U.S.C. § 1226(c), but he is now subject to a final order of removal and his detention is authorized by 8 U.S.C. § 1232(a). (Doc. 15 at 5).

(11) Once an alien's removal order becomes administratively final, the alien's ninety-day "removal period" begins. 8 U.S.C. § 1231(a)(1)(A)-(B). During these ninety days, detention is mandatory and the alien is not entitled to a bond hearing. 8 U.S.C. § 1231(a)(2). After the removal period, ICE may release the alien on supervision, but even then, the alien is

not entitled to a bond hearing. 8 U.S.C. § 1231(a)(3). Detention during the removal period and for ninety-days beyond the removal period is presumptively constitutional. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001). (Doc. 15 at 6).

(12) Here, Ramos-Lara's ninety-day removal period began on April 29, 2011, the day his removal order became administratively final. 8 U.S.C. § 1231(a)(1)(B)(I).

(13) Petitioner's ninety-day removal period will not expire until July 28, 2011, and as such, his detention is mandatory, he is not entitled to a bond hearing, and this detention is presumptively constitutional.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The June 7, 2011 Report and Recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 18) is ADOPTED;

(2) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DENIED; and

(3) The Clerk of Court is directed to CLOSE this case, and to FORWARD a copy of this Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge